JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN F. BURKE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　Respondent. | Case No. ED CV 22-1478 SVW (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　　The Court dismisses this habeas corpus action for lack of habeas jurisdiction and <u>Younger</u> abstention reasons.

* * *

　　　1.　In August 2022, Petitioner Burke filed a petition for a writ of habeas corpus in this federal court under 28 U.S.C. § 2254. Petitioner used the Court's standard habeas form petition (Form CV-69) to present his claims. (Docket # 1.)

　　　2.　The gist of the claims (grievances against his appointed defense lawyer, the prosecutor, and the trial judge) and his location in local custody

1  suggested that Petitioner was a pretrial detainee, not a convicted person
2  seeking review of his criminal conviction. Additionally, Petitioner provided
3  no information about the criminal charges, his sentence, or the status of
4  post-conviction appellate proceedings.

5       3.     For these reasons, Magistrate Judge Wilner screened the
6  petition. Judge Wilner explained that habeas relief was not available
7  under AEDPA for those involved in ongoing criminal cases. The screening
8  order also identified other obvious procedural defects with the petition.
9  The magistrate judge directed Petitioner to submit a supplemental
10 statement addressing these issues, explaining why the action should not be
11 dismissed, and setting forth the status of Petitioner's criminal case.
12 (Docket # 7.)

13       4.     Petitioner filed a timely statement. (Docket # 8.) The
14 statement did not address the substance of Judge Wilner's screening order.
15 However, the statement made clear that Petitioner is involved in an
16 ongoing criminal case. The closing paragraph of the statement also
17 clarified that Petitioner does not seek habeas corpus relief from a
18 conviction. Rather, Petitioner is "suing for civil rights violations [and] false
19 incarceration" from the named parties. (Id. at 4.)

20                                        * * *

21       5.     If it "appears from the application that the applicant or person
22 detained is not entitled" to habeas relief, a court may summarily dismiss a
23 habeas action. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing
24 Section 2254 Cases in United States District Courts (petition may be
25 summarily dismissed if petitioner plainly not entitled to relief); Local Civil
26 Rule 72-3.2 (magistrate judge may submit proposed order for summary

27
28

dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

\* \* \*

6. The petition must be dismissed. AEDPA allows federal review on behalf of "a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution" or other provision of federal law. 28 U.S.C. § 2254(a) (emphasis added). Here, Petitioner is a pretrial detainee who has not been criminally convicted. There is no judgment for this federal court to review. Petitioner's habeas petition is premature.

7. Further, because of the existence of an ongoing criminal case, Younger abstention is appropriate. Federal courts generally abstain from interfering with pending state criminal proceedings until the conviction becomes final after the conclusion of appellate proceedings. Younger v. Harris, 401 U.S. 37, 45 (1971); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973) (same). Younger abstention "is appropriate if (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is adequate opportunity in the state proceedings to raise federal questions." Dubinka v. Judges of Superior Court, 23 F.3d 218, 223 (9th Cir. 1994); Sheehee v. Baca, 588 F. App'x 716 (9th Cir. 2014) (same). These factors militate against allowing a habeas action to proceed.

8. Finally, the Court recognizes that it has discretion to convert a habeas petition into a civil rights complaint, but declines to do so here. Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (superceded by statute on other grounds). The petition is too vague in identifying any culpable tortfeasor, and does not adequately set forth all elements of a violation of

federal law. Moreover, Petitioner would be liable for a considerably higher filing fee should the Court automatically convert the petition to a civil complaint. The prudent outcome is to dismiss the habeas action without initiating a civil rights action.

Therefore, the present action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: September 15, 2022

HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

4